IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| J.C. PENNEY COMPANY, INC., et al[1], | § § § | Case No. 20-20182 (DRJ) |
| Debtors. | § § § § | Jointly Administered |

**OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF ORDER (1) EXTENDING TIME FOR PERFORMANCE OF OBLIGATIONS ARISING UNDER UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES AND (II) GRANTING RELATED RELIEF**

JAHCO Burleson Town Center, L.L.C. (JAHCO Burleson) by and through its undersigned counsel and pursuant to 11 U.S.C. §365(d)(3), files this Objection (the "Objection") to *Debtors' Emergency Motion for Entry of an Order (I) Extending Time for Performance of Obligations arising under Non-Residential Real Property Leases and (II) Granting Related Relief* (the "Motion") [Docket No. 338], and in support thereof respectfully states:

1.  JAHCO is a landlord of J.C. Penney Corporation, Inc., in the lease of non-residential property pursuant to that certain Lease, dated February 15, 2004, as amended, supplemented and extended by the Term and Floor Area Agreement dated April 14, 2006 and Lease Amendment Agreement dated effective as of December 20, 2017 (collectively, the "Lease"). The Lease refs to leased premises located at the Burleson Town Center in Burleson, Texas.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/JCPenney. The location of Debtor J.C. Penney Company, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Plano, Texas 75024.

OBJECTION– PAGE 1

2.      By the Motion, the Debtors seek an extension under 11 U.S.C. §365(d)(3) of the deadlines to pay June, 2020, and July 2020, lease obligations through and including July 14, 2020, as well a stay or tolling of any pleadings filed with respect to the lease obligations.

## I.    BACKGROUND

3.      The Debtors, including J.C. Penney Corporation, Inc., filed Chapter 11 petitions on May 15, 2020 (the "Petition Date").

4.      The Lease provides that the Tenant must pay the rent timely on or before the 10th day of the month in advance.

5.      In the Motion, the Debtors seek to delay payment of rent and other amounts due under the Lease (specifically amounts due during the second half of May, June and July 2020) until July 14, 2020, citing 11 U.S.C. §365(d)(3) as the basis for relief. Section 365(d)(3) provides:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

11 U.S.C. §365(d)(3).

## II.    OBJECTION

6.      While Section 365(d)(3) authorizes the Court to extend the time for performance of obligations under unexpired leases arising during the first 60 days of the case, it does so only when there is cause, and the Debtors have not demonstrated cause for such relief in these cases.

11 U.S.C. §365(d)(3). "Cause" is not defined in the Bankruptcy Code, and the Debtors admit same, but rely upon distinguishable authority for support for their request. Mot. at ¶ 15.

7. The Debtors plan to negotiate rent abatement with their landlords, which they hope to complete by mid-July, the same time granting the Motion would extend these post-petition rental payments. Mot. at ¶ 2. This emergency relief is sought over the objection of many of the Debtors' landlords, including JAHCO Burleson, so the Debtors can reap the benefits nonconsensual rent abatement up front. This is unnecessary because the Debtors entered bankruptcy with $500 million in cash and received approval last week for another $450 million in DIP funds (Mot. at ¶ 12). Rather, this relief inflicts an inequitable result upon the Debtors' landlords. If landlords are forced to wait for timely performance under these leases until July 15, it will provide a leveraging "windfall" to the Debtors, especially when those landlords owe mortgage and other payments those rental payments are meant to cover.

8. Though the Debtors have included the post-petition lease payments in their budgets submitted to the Court, and have the funds to pay these lease obligations, their ultimate obligation is to keep as much of this money as possible. "By delaying approximately $34.5 million in Lease Obligations up to six weeks, the negotiations with landlords will be able to play out, and the Debtors will have a far better understanding of what their actual lease obligations for June and July will be -- and *the Debtors hope to be in a position to ultimately retain (and benefit from the resulting positive liquidity impact) a significant portion of that $34.5 million*." Mot. at ¶ 17. It is clear that these "negotiations" with landlords will include asking to forgo rent that has already been delayed if the Debtors are successful in this Motion, and with the financial distress that not having rental and other monetary obligations fulfilled under the leases for 60+ days may bring to the landlords, the landlords will be left with a very uneven playing field.

**OBJECTION– PAGE 3**

9. This tactical advantage is the more valuable relief being sought by this Motion. Additional upfront liquidity is nice, but as the Debtors have noted, they already have that. Pre-petition, the Debtors had such financial wherewithal that they paid approximately $7.5 million in retention bonuses to their executives immediately prior filing for bankruptcy.[2] But tellingly, the relief sought would put the Debtors in a "better position" to negotiate rent relief agreements. Mot. at ¶ 21. This relief would put the Debtors in such a better position that it rises to the level of unduly prejudicing the landlords.

10. The Debtors claim that the landlords won't be prejudiced by the extension requests because they will have administrative claims. Mot. ¶ 19. However, an administrative claim does not help a landlord pay its own financial obligations over a 60 day period that have to be met in connection with the leased premises. Landlords have fixed and operational financial obligations at the properties occupied by the Debtors and those obligations have not abated. The Debtors' failure to pay rent for 60 days would put a massive financial strain on any landlord who has debt on its leased property. There is no equity in allowing the Debtors to use the properties post-petition for their operations but not timely pay for the use of that property; shifting the costs of the administration of the Debtors' bankruptcy estate onto the landlords. Moreover, given that the Debtors have waived their Section 506(c) rights in connection with their DIP (again, over the objection of many of their landlords) and the fact that these are not inexpensive cases from an administrative standpoint, timely payment of post-petition rent is far preferable to receipt of an administrative claim. Accordingly, JAHCO Burleson objects to the Motion.

### III. RESERVATIONS OF RIGHTS AND JOINDER

---

[2] As paid, JAHCO Burleson believes that such bonuses would have been disallowed if paid post-petition.

**OBJECTION– PAGE 4**

11.     JAHCO Burleson reserves all rights to amend or supplement this Objection and to make such other and further objections as it may deem necessary and appropriate.

12.     JAHCO Burleson further joins in the objections of other landlords and creditors against the Motion to the extent not inconsistent with this Objection.

WHEREFORE, JAHCO Burleson respectfully requests entry of an Order consistent with this Objection, denying Debtors' Motion, and granting such other relief as the Court shall deem just.

DATED:  June 10, 2020.                     Respectfully submitted,

/s/ *Christina W. Stephenson*
Will H. Hoch
State Bar No. 24104666
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 20409535
CROWE & DUNLEVY, P.C.
2525 McKinnon St., Suite 425
Dallas, TX  75201
214-420-2142 – Telephone
214-736-1762 – Facsimile
will.hoch@crowedunlevy.com
vickie.driver@crowedunlevy.com
christina.stephenson@crowedunlevy.com

**ATTORNEYS FOR JAHCO BURLESON TOWN CENTER, L.L.C.**

## **CERTIFICATE OF SERVICE**

     I hereby certify that on June 10, 2020 a true and correct copy of the foregoing document was duly served through the CM/ECF system to all parties registered to receive electronic notices in this case.

                                                      /s/ *Christina W. Stephenson*
                                                      Christina W. Stephenson

**OBJECTION– PAGE 6**