## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| J. C. PENNEY COMPANY, INC., *et al.*,[1] | ) | Case No. 20-20182 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 36** |

## ORDER (I) AUTHORIZING AND APPROVING PROCEDURES FOR THE DEBTORS TO (A) ASSUME EXECUTORY CONTRACTS OR (B) REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing and approving the Contract Assumption Procedures and Rejection Procedures (collectively, the "Procedures"),[3] and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/JCPenney. The location of Debtor J. C. Penney Company, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Plano, Texas 75024.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[3]   For the avoidance of doubt, this Order does not contemplate procedures with respect to the assumption or assumption and assignment of Leases.

interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Debtors are authorized, but not required, to reject Contracts and/or Leases in accordance with the following Rejection Procedures:

a.      ***Rejection Notice***.  The Debtors, upon not less than two (2) business days' advance notice to counsel to any statutory committee appointed in these chapter 11 cases (a "Committee"), counsel to Wells Fargo Bank, N.A., as administrative agent under the Debtors' revolving credit facility (the "ABL Agent"), and counsel to the ad hoc group of holders of first lien claims (the "First Lien Group"), will file one or more notices with the Court (each, a "Rejection Notice") with an attached schedule (the "Rejection Schedule") of those Contracts and/or Leases that the Debtors seek to reject pursuant to section 365 of the Bankruptcy Code.  The Rejection Schedule shall set forth, among other relevant information: (i) the Contracts and/or Leases to be rejected; (ii) the Debtor that is the party to such Contract and/or Lease; (iii) the names and addresses of the counterparties to such Contracts and/or Leases (the "Rejection Counterparties"); (iv) the effective date of rejection for such Contracts and/or Leases, which shall be the later of (a) the proposed effective date of the rejection for such Contract and/or Lease, or (b) with respect to a Lease, the date upon which the Debtors in writing (email sufficient) surrender the premises to the landlord and (i) return the keys, key codes, or security codes, if any, to the affected landlord or (ii) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises (the "Rejection Date"); (v) if a Lease, the personal property to be abandoned, if any, and an estimate of the book value of such property (if available); and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).

b.      ***Rejection Notice Parties***.  The Debtors will cause the Rejection Notice and Rejection Schedule to be served by electronic mail upon:  (i) the United States Trustee for the Southern District of Texas (the "U.S. Trustee");

2

(ii) counsel to the Committee; (iii) counsel to the ABL Agent; and (iv) counsel to the First Lien Group (collectively, the "<u>Rejection Notice Parties</u>").

c.    ***Individual Rejection Notice***. The Debtors will also cause an individualized Rejection Notice, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Individual Rejection Notice</u>"), to be served by overnight delivery and, where known, electronic mail, upon each affected Rejection Counterparty, and their counsel, where known, at the notice address specified in the applicable Contract and/or Lease and, where known, upon any third parties that may, to the best of the Debtors' knowledge, have a known interest in the Debtors' personal property located on the Debtors' leased premises. The Individual Rejection Notice shall not be filed with the Court; *provided* that the Debtors shall file an affidavit of service with the Court evidencing service of the Individual Rejection Notice upon the affected Rejection Counterparty (and their counsel, if known) within five (5) business days after serving such Individual Rejection Notice.  The Individual Rejection Notice will set forth:  (i) the Contract(s) and/or Lease(s) to be rejected; (ii) the name of the Debtor party and Rejection Counterparty; (iii) the Rejection Date; (iv) if a Lease, the personal property to be abandoned, if any, and an estimate of the book value of such property (if available); and (v) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).

d.    ***Objections to Proposed Rejection***.  Any objections to a proposed rejection of a Contract and/or Lease must be (i) in writing, (ii) filed with the Court, and (iii) served by ***electronic mail*** on the following parties so as to be ***actually received*** by such parties no later than fourteen (14) days after the date that the Debtors served the Individual Rejection Notice to reject such Contract and/or Lease (the "<u>Rejection Objection Deadline</u>"):

   i.    **Counsel to the Debtors**:  Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attention: Aparna Yenamandra (aparna.yenamandra@kirkland.com), Rebecca Blake Chaikin (rebecca.chaikin@kirkland.com), and Allyson Smith Weinhouse (allyson.smith@kirkland.com);

   ii.   **Co-counsel to the Debtors**:   Jackson Walker L.L.P., 1401 McKinney Street, Suite 1900, Houston, Texas 77010, Attention: Matthew C. Cavenaugh (mcavenaugh@jw.com), Jennifer F. Wertz (jwertz@jw.com), Kristy M. Peguero (kpeguero@jw.com), and Veronica A. Polnick (vpolnick@jw.com);

   iii.  **The U.S. Trustee**:  United States Trustee, Attention:  Stephen Statham, Esq. (stephen.statham@usdoj.gov) and Hector Duran, Esq. (hector.duran.jr.@usdoj.gov);

      iv.    **Counsel to the ABL Agent**:  Otterbourg P.C., 230 Park Avenue, 30th Floor, New York, New York 10169, Attention: Daniel F. Fiorillo, Esq. (dfiorillo@otterbourg.com) and Chad B. Simon, Esq. (csimon@otterbourg.com);

      v.    **Counsel to the First Lien Group**:  Milbank LLP, 55 Hudson Yards, New York, New York 10001, Attention: Dennis F. Dunne (ddunne@milbank.com), Brian Kinney (bkinney@milbank.com), and Kevin O'Shea (koshea@milbank.com); and

      vi.    **Counsel to the Committee**:  Cooley LLP, 55 Hudson Yards, New York, New York 10001, Attention: Cathy Herschcopf (chershcopf@cooley.com) and Summer McKee (smckee@cooley.com) and Cole Schotz P.C., 1325 Avenue of the Americas, New York, New York 10019, Attention: Seth Van Aalten (svanaalten@coleschotz.com) and Sarah Carnes (scarnes@coleschotz.com).

e.    ***Amended Rejection Schedule***.  For those Contracts and/or Leases where no objection is filed and served by the Rejection Objection Deadline, the Debtors may generate an amended Rejection Schedule (the "Amended Rejection Schedule").  The Amended Rejection Schedule shall be attached to a proposed order to reject the Contracts and/or Leases listed in the Amended Rejection Schedule, substantially in the form of Exhibit 1 attached hereto, and filed with the Court.

f.    ***Hearings (If Necessary)***.  If an objection is properly filed and served on the Debtors' counsel and the Rejection Notice Parties as specified above, unless such parties agree otherwise in writing, a hearing will be scheduled on not less than ten (10) days' notice of such hearing to each objecting party, the counterparty or counterparties to such Contract or Lease, and the Rejection Notice Parties.  Such Contract and/or Lease will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached, upon further order of the Court.

g.    ***Modifications to Rejection Schedule***.  The Debtors reserve the right, after consultation with counsel to the Committee and the First Lien Group, to remove any Contract and/or Lease from a Rejection Schedule or Amended Rejection Schedule at any time prior to the Rejection Date.

h.    ***Set Off and Recoupment***.  If the Debtors have deposited monies with a counterparty as a security deposit or other arrangement, such counterparty may not set off or recoup or otherwise use such deposit without (i) the prior approval of the Court or (ii) agreement of the Debtors after consultation with counsel to the Committee.

     i.     ***Removal of Personal Property***.  In connection with the rejection of a Lease, with respect to any personal property of the Debtors located at any of the premises subject to any Rejection Notice, the Debtors shall remove such property prior to the Rejection Date.  If the Debtors determine that the property at a particular location has no or *de minimis* value or the cost of removing the property exceeds the value of such property, the Debtors shall generally describe the property in the Individual Rejection Notice and their intent to abandon such property.  Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  Upon the Rejection Date, the landlord may use or dispose of such property without further notice or Court order, free and clear of all liens, claims, encumbrances and interests, and without notice or liability for such action to the Debtors or any third party and without waiver of any claim that the landlords may have against the Debtors and their estates.  To the extent applicable, the automatic stay is modified to permit such use or disposition, including but not limited to the transfer of title by the applicable Debtor(s).  Such landlords reserve all rights with respect to any property that is required to be removed prior to the Rejection Date.

2.     The Debtors are authorized to abandon any *de minimis* or otherwise burdensome property located at locations covered by Leases, including miscellaneous fixtures, furniture, and equipment subject to rejection (the "<u>Abandoned Property</u>") as of the Rejection Date without any liability to any landlords (with the exception of any lease rejection damages claims); *provided that* the Debtors shall (a) generally describe the Abandoned Property and their intent to abandon such Abandoned Property in the Individual Rejection Notice to the landlords and/or their counsel and any party with a known interest in the Abandoned Property and (b) provide a copy of such Individual Rejection Notice to the U.S. Trustee, counsel to any statutory committee in these chapter 11 cases, and such property will only be abandoned upon entry of the relevant Rejection Order.

3.     Claims arising out of the rejection of Contracts and Leases, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, (ii) thirty (30) days after the Rejection Date, and (iii) thirty (30) days after the Rejection Order.

4.      Approval of the Rejection Procedures and this Order will not prevent the Debtors from seeking to reject a Contract and/or Lease by separate motion or pursuant to a chapter 11 plan.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, the Individual Rejection Notices and the Individual Assumption Notices, as applicable.

6.      The Debtors are authorized, but not required, to assume or assume and assign Contracts, which for the avoidance of doubt shall not be utilized to assume or assume and assign any Leases,[4] in accordance with the following Contract Assumption Procedures:

a.      ***Contract Assumption Notice***.  The Debtors, upon not less than two (2) business days' advance notice to counsel to a committee, counsel to the ABL Agent, and counsel to the First Lien Group, will file one or more notices with the Court (each, a "Contract Assumption Notice") with an attached schedule (the "Contract Assumption Schedule") of those Contracts that the Debtors seek to assume pursuant to section 365 of the Bankruptcy Code.  The Contract Assumption Schedule shall set forth, among other relevant information: (i) the Contracts to be assumed; (ii) the Debtor that is the party to such Contracts; (iii) the names and addresses of the counterparties to such Contracts (the "Contract Assumption Counterparties"); (iv) the identity of the proposed assignee of such Contract(s) (the "Contract Assignee"), if applicable; (v) the proposed effective date of the assumption for such Contract (the "Contract Assumption Date"); (vi) the proposed cure amount, if any, (viii) a description of any material amendments to the Contract made outside the ordinary course of business; and (ix) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).

b.      ***Contract Assumption Notice Parties***.  The Debtors will cause the Contract Assumption Notice and Contract Assumption Schedule to be served by electronic mail upon the following parties: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the ABL Agent; and (iv) counsel to the First Lien Group (collectively, the "Contract Assumption Notice Parties").

c.      ***Individual Contract Assumption Notice***. The Debtors will also cause an individualized Contract Assumption Notice (the "Individual Contract

---

[4]     Any assumption or assumption and assignment of Leases shall be pursuant to a separate order of the Court (which order may be the Confirmation Order).

Assumption Notice"), substantially in the form of **Exhibit B**, to be served by overnight delivery and, where known, electronic mail upon each affected Contract Assumption Counterparty and Contract Assignee, as applicable, and their counsel, where known. The Contract Individual Assumption Notice shall not be filed with the Court; *provided* that the Debtors shall file an affidavit of service with the Court evidencing service of the Contract Individual Assumption Notice upon the affected Contract Assumption Counterparty and Contract Assignee, if any, within five business days after serving such Individual Contract Assumption Notice. The Contract Individual Assumption Notice will set forth:  (i) the Contract(s) to be assumed or assumed and assigned, as applicable; (ii) the names of the Debtor party and Contract Assumption Counterparty; (iii) the identity of the Contract Assignee, if applicable; (iv) if there has been a default, the Debtor's Contract Assignee's ability to provide adequate assurance of future performance; (v) the proposed cure amount, if any, (vi) a description of any material amendments to the Contract made outside the ordinary course of business; and (vii) the deadlines and procedures for filing objections to the Contract Assumption Notice (as set forth below).[5]

d.   ***Objections to Proposed Contract Assumption***.   Any objections to a proposed assumption of a Contract must be (i) in writing, (ii) filed with the Court, and (iii) served by ***electronic mail*** on the following parties so as to be ***actually received*** by such parties no later than fourteen (14) days after the date that the Debtors served the Individual Assumption Notice to assume such Contract (the "Contract Assumption Objection Deadline"):

  i.   **Counsel to the Debtors**:  Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attention: Aparna Yenamandra (aparna.yenamandra@kirkland.com), Rebecca Blake Chaikin (rebecca.chaikin@kirkland.com), and Allyson Smith Weinhouse (allyson.smith@kirkland.com);

  ii.   **Co-counsel to the Debtors**:  Jackson Walker L.L.P., 1401 McKinney Street, Suite 1900, Houston, Texas 77010, Attention: Matthew C. Cavenaugh (mcavenaugh@jw.com), Jennifer F. Wertz (jwertz@jw.com), Kristy M. Peguero (kpeguero@jw.com), and Veronica A. Polnick (vpolnick@jw.com);

  iii.   **The U.S. Trustee**:  United States Trustee, Attention:  Stephen Statham, Esq. (stephen.statham@usdoj.gov) and Hector Duran, Esq. (hector.duran.jr.@usdoj.gov);

  iv.   **Counsel to the ABL Agent:**  Otterbourg P.C., 230 Park Avenue, 30th Floor, New York, New York 10169, Attention: Daniel F.

---

[5]   The Debtors shall serve an Assumption Counterparty with evidence of adequate assurance upon such Assumption Counterparty's written request to Debtors' counsel, with a copy to the Assumption Notice Parties.

Fiorillo, Esq. (dfiorillo@otterbourg.com) and Chad B. Simon, Esq. (csimon@otterbourg.com);

v. **Counsel to the First Lien Group**: Milbank LLP, 55 Hudson Yards, New York, New York 10001, Attention: Dennis F. Dunne (ddunne@milbank.com), Brian Kinney (bkinney@milbank.com), and Kevin O'Shea (koshea@milbank.com); and

vi. **Counsel to the Committee**, Cooley LLP, 55 Hudson Yards, New York, New York 10001, Attention: Cathy Herschcopf (chershcopf@cooley.com) and Summer McKee (smckee@cooley.com) and Cole Schotz P.C., 1325 Avenue of the Americas, New York, New York 10019, Attention: Seth Van Aalten (svanaalten@coleschotz.com) and Sarah Carnes (scarnes@coleschotz.com).

e. *Amended Contract Assumption Schedule*. For those Contracts where no objection is filed and served by the Contract Assumption Objection Deadline, the Debtors may generate an amended Contract Assumption Schedule (the "Amended Contract Assumption Schedule"). The Amended Contract Assumption Schedule may be attached to a proposed order to assume the Contracts listed in the Amended Contract Assumption Schedule, substantially in the form of Exhibit 1 attached hereto (the "Contract Assumption Order") and filed with the Court under a certificate of no objection.

f. *Hearings (If Necessary)*. If an objection is properly filed and served on the Debtors' counsel and the Contract Assumption Notice Parties as specified above, unless such parties agree otherwise in writing, a hearing will be scheduled on not less than ten (10) days' notice of such hearing to each objecting party, the counterparty or counterparties to such Contract(s), and the Contract Assumption Notice Parties. Such Contract will only be deemed assumed upon entry by the Court of a consensual form of Contract Assumption Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached, upon further order of the Court.

g. *Modification of Contract Assumption Schedule*. The Debtors reserve the right, after consultation with counsel to the Committee and the First Lien Group, to remove any Contract from a Contract Assumption Schedule or Amended Contract Assumption Schedule at any time prior to the Contract Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

7. With regard to Contracts to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract shall (a) be free and clear of (i) all liens

(and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights), and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Contract Assignee, as the case may be, in the Contracts or in respect of any taxes), and (b) constitutes a legal, valid, and effective transfer of such Contracts and vests the applicable Contract Assignee with all rights, titles, and interests to the applicable Contracts.

8. Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Contract Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Contract Assignees the applicable Contracts, with any applicable Contract Assignee being responsible only for the post-closing liabilities under the applicable Contracts except as otherwise provided for in this Order and (b) execute and deliver to any applicable Contract Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer such Contract. For the avoidance of doubt, the occurrence of a closing with respect to the assumption and assignment of any Contract shall mean the date on which such assumption and assignment is effective.

9.      The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract are unenforceable anti-assignment or ipso facto clauses is fully reserved.

10.     The Contract Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date.

11.     The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Individual Contract Assumption Notice.

12.     Approval of the Contract Assumption Procedures and this Order will not prevent the Debtors from seeking by a separate motion to (i) reject a Contract and/or Lease or (ii) assume (and assign) a Contract by separate motion.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, the Individual Rejection Notices and the Individual Contract Assumption Notices, as applicable.

14.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease, respectively.

15.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

16.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17.     The 14-day stay required of any assignment of any Contract or Lease pursuant to Bankruptcy Rule 6006(d) is hereby waived.

18.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the.

19.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020

_____
JUDGE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**Proposed Individual Notice of Contract or Lease Rejection**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| J. C. PENNEY COMPANY, INC., *et al.*,[1] | ) | Case No. 20-20182 (DRJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**INDIVIDUAL NOTICE OF REJECTION OF
EXECUTORY CONTRACT OR UNEXPIRED LEASE**

      **PLEASE TAKE NOTICE** that on [_____], 2020, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order on the motion of the above-captioned debtors and debtors in possession (the "Debtors") approving procedures for the rejection of executory contracts and unexpired leases and granting related relief [Docket No. ____] (the "Procedures Order").

      **PLEASE TAKE FURTHER NOTICE** that, the Debtors hereby provide this "Individual Notice of Rejection of Executory Contract or Unexpired Lease" (the "Notice") of their intent to reject the Contract(s) or Lease(s) listed in the schedule attached hereto as **Attachment I**. Pursuant to the terms of the Procedures Order, the Contract(s) or Lease(s) shall be deemed rejected effective as of the later of (a) the date set forth in the schedule attached hereto as **Attachment I,** and (b) with respect to a Lease, the date upon which the Debtors in writing (email sufficient) surrender the premises to the landlord and (i) return the keys, key codes, or security codes, if any, to the affected landlord or (ii) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises (the "Rejection Date").

      **PLEASE TAKE FURTHER NOTICE** that, the Debtors intend to abandon the personal property remaining in or on the property that is the subject of the above-referenced Lease(s) as described in the schedule attached hereto as **Attachment I** (if any). Pursuant to the terms of the Procedures Order, upon entry of the Rejection Order (defined below), the landlord shall be entitled to use or dispose of such abandoned personal property without further notice or order from this Court and without notice or liability for such disposal to the Debtors or any third party.

      **PLEASE TAKE FURTHER NOTICE** that, if you object to the Debtors' rejection of the Contract(s) or Lease(s), or the abandonment of the above-described personal property (if any), listed in the schedule attached hereto as **Attachment I**, you must file and serve by ***electronic mail***

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/JCPenney. The location of Debtor J. C. Penney Company, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Plano, Texas 75024.

a written objection so that such objection is filed with the Court and ***actually received*** no later than fourteen (14) days after the date that the Debtors served this Notice by the following parties: (i) proposed counsel for the Debtors, Kirkland & Ellis LLP, Attn.: Aparna Yenamandra (aparna.yenamandra@kirkland.com), Rebecca Blake Chaikin (rebecca.chaikin@kirkland.com), and Allyson Smith Weinhouse (allyson.smith@kirkland.com); (ii) proposed co-counsel to the Debtors, Jackson Walker L.L.P., Attn.: Matthew D. Cavenaugh (mcavenaugh@jw.com), Jennifer F. Wertz (jwertz@jw.com), Kristhy M. Peguero (kpeguero@jw.com), and Veronica A. Polnick (vpolnick@jw.com); (iii) the United States Trustee (the "U.S. Trustee"), Attn.: Stephen Statham, Esq. (stephen.statham@usdoj.gov) and Hector Duran, Esq. (hector.duran.jr.@usdoj.gov); (iv) counsel to certain first lien creditors, Attn.: Dennis F. Dunne (ddunne@milbank.com), Brian Kinney (bkinney@milbank.com), and Kevin O'Shea (koshea@milbank.com); (v) counsel to the ABL Agent, Attn.: Daniel F. Fiorillo, Esq. (dfiorillo@otterbourg.com) and Chad B. Simon, Esq. (csimon@otterbourg.com); and (vi) counsel to the Committee, Attn:  Cathy Hershcopf (chershcopf@cooley.com ), Summer McKee (smckee@cooley.com), Seth Van Aalten (SVanAalten@coleschotz.com), and Sarah Carnes (scarnes@coleschotz.com )(clauses (i) through (vi) collectively, the "Rejection Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if no objection is filed and served in accordance with the above procedures, the Debtors will include and file with the Court the above-described Contract(s) or Lease(s) in a rejection schedule attached to the proposed form of order under a certificate of no objection, substantially in the form attached hereto as **Attachment II** (the "Rejection Order").

**PLEASE TAKE FURTHER NOTICE** that, if an objection is properly filed and served on the Debtors and the Rejection Notice Parties, as specified above, unless such parties agree otherwise in writing, a hearing will be scheduled to consider that objection.  The Contract(s) or Lease(s) will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order filed under certificate of counsel resolving the objection as between the objecting party and the Debtors, or upon further order of the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a landlord pursuant to a security deposit or otherwise, the landlord holding such monies may not set-off or recoup or otherwise use such monies without (i) prior approval of the Court or (ii) agreement of the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if you have a claim for any damages as a result of the Debtors' rejection of the above-referenced Contract(s) or Lease(s), or the abandonment of the below-described personal property (if any), you must submit a proof of claim by the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, (ii) thirty (30) days after the Rejection Date set forth in the schedule attached hereto as **Attachment I**, and (iii) thirty (30) days after entry of the applicable Rejection Order.  If you do not properly and timely file such proof of claim, you shall be forever barred from asserting any claims for such rejection damages.

Respectfully Submitted,
[_____], 2020

/s/
_____

**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Kristhy M. Peguero (TX Bar No. 24102776)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     (713) 752-4200
Facsimile:     (713) 752-4221
Email:          mcavenaugh@jw.com
                jwertz@jw.com
                kpeguero@jw.com
                vpolnick@jw.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
Christopher Marcus, P.C. (*pro hac vice* admission pending)
Aparna Yenamandra (*pro hac vice* admission pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                christopher.marcus@kirkland.com
                aparna.yenamandra@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**<u>Attachment I</u>**

**Schedule of Rejected Contracts and/or Leases**

**[TO BE CUSTOMIZED TO EACH INDIVIDUAL REJECTION NOTICE]**

| Counterparty | Debtor Counterparty | Description of Contract/Lease[1] | Abandoned Personal Property (if any) | Rejection Date |
|---|---|---|---|---|
|  |  |  |  |  |

---

[1]  The inclusion of a Contract or Lease on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract or Lease.

**<u>Attachment II</u>**

**Proposed Rejection Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| J. C. PENNEY COMPANY, INC., *et al.*,[1] | ) | Case No. 20-20182 (DRJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re:  Docket No. __** |

**[NUMBER] ORDER APPROVING THE
ABANDONMENT OF CERTAIN PROPERTY AND THE REJECTION
OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Pursuant to the order approving procedures for the rejection of the Debtors' executory contracts and unexpired leases, and granting related relief (the "Rejection Procedures Order")[2] [Docket No.___] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having properly filed and served an Individual Rejection Notice to each applicable party as set forth in the Amended Rejection Schedule, attached hereto as **Exhibit A**, in accordance with the terms of the Procedures Order; and no timely objections have been filed to the Rejection of

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/JCPenney. The location of Debtor J. C. Penney Company, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Plano, Texas 75024.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Procedures Order.

such Contracts and/or Leases; and due and proper notice of the Procedures Order and Individual Rejection Notice having been provided to each applicable counterparty as set forth in the Amended Rejection Schedule, and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The rejection of the Contracts and/or Leases as set forth in the Amended Rejection Schedule is hereby approved.

2.      The Debtors are authorized to abandon any personal property remaining on the leased premises that is disclosed in the applicable Rejection Schedule and Individual Rejection Notices served upon the Rejection Counterparties.  For the avoidance of doubt, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable Lease shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  The landlord may use or dispose of such abandoned property without further notice or Court order free and clear of all liens, claims, encumbrances and interests, and without notice or liability, to the Debtors, or any third party; *provided* that such property has been reasonably described in the applicable Rejection Schedule and Individual Rejection Notices served upon the Rejection Counterparties.  To the extent applicable, the automatic stay is modified to permit such use or disposition, including but not limited to the transfer of title by the applicable Debtor(s).

3.      Any claims against the Debtors arising from the rejection of the Contracts and/or Leases as set forth in the Amended Rejection Schedule must be filed no later than the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, (ii) thirty (30) days after the applicable Rejection Date set forth in the Amended Rejection Schedule attached hereto, and (iii) thirty (30) days from the date of this Order.

4.      The Debtors are authorized to take any action necessary to implement the terms of this Order and the rejection without further order from this Court.

5.      The rejection of the Contracts and/or Leases as set forth in the Amended Rejection Schedule shall be effective as of the later of (a) the date set forth in the Amended Rejection Schedule and (b) with respect to a Lease, the date upon which the Debtors in writing (email sufficient) surrender the premises to the landlord and (i) return the keys, key codes, or security codes, if any, to the affected landlord or (ii) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

6.      This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated: _____, 2020

_____
JUDGE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**Amended Rejection Schedule**

**Exhibit B**

**Proposed Individual Notice of Contract Assumption**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| J. C. PENNEY COMPANY, INC., *et al.*,[1] | ) | Case No. 20-20182 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re:  Docket No. __** |

**INDIVIDUAL NOTICE OF ASSUMPTION [AND ASSIGNMENT] OF
EXECUTORY CONTRACT**

       **PLEASE TAKE NOTICE** that on [_____], 2020 the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order on the motion of the above-captioned debtors and debtors in possession (the "Debtors") approving procedures for the assumption or assumption and assignment of executory contracts and granting related relief [Docket No. ____] (the "Procedures Order").

       **PLEASE TAKE FURTHER NOTICE** that, the Debtors hereby provide this "Individual Notice of Assumption or Assignment of Executory Contract" (the "Notice") of their intent to assume and assign (if applicable) the Contract(s) listed in the schedule attached hereto as **Attachment I**.

       **PLEASE TAKE FURTHER NOTICE** that, if you object to the Debtors' assumption or assumption and assignment of the Contracts listed in the schedule attached hereto as **Attachment I**, you must file and serve by *electronic mail* a written objection so that such objection is filed with the Court and ***actually received*** no later than fourteen (14) days after the date that the Debtors served this Notice by the following parties:  (i) proposed counsel for the Debtors, Kirkland & Ellis LLP, Attn.: Aparna Yenamandra (aparna.yenamandra@kirkland.com), Rebecca Blake Chaikin (rebecca.chaikin@kirkland.com), and Allyson Smith Weinhouse (allyson.smith@kirkland.com); (ii) proposed co-counsel to the Debtors, Jackson Walker L.L.P., Attn.: Matthew D. Cavenaugh (mcavenaugh@jw.com), Jennifer F. Wertz (jwertz@jw.com), Kristhy M. Peguero (kpeguero@jw.com), and Veronica A. Polnick (vpolnick@jw.com); (iii) the United States Trustee (the "U.S. Trustee"), Attn.: Stephen Statham, Esq. (stephen.statham@usdoj.gov) and Hector Duran, Esq. (hector.duran.jr.@usdoj.gov); (iv) counsel to certain first lien creditors, Attn.: Dennis F. Dunne (ddunne@milbank.com), Brian Kinney (bkinney@milbank.com), and Kevin O'Shea (koshea@milbank.com); (v) counsel to the ABL Agent, Attn.: Daniel F. Fiorillo, Esq. (dfiorillo@otterbourg.com) and Chad B. Simon, Esq.

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/JCPenney.  The location of Debtor J. C. Penney Company, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Plano, Texas 75024.

(csimon@otterbourg.com); and (vi) counsel to the Committee, Attn:  Cathy Hershcopf (chershcopf@cooley.com ), Summer McKee (smckee@cooley.com), Seth Van Aalten (svanaalten@coleschotz.com), and  Sarah Carnes (scarnes@coleschotz.com ) (clauses (i) through (vi) collectively, the "Contract Assumption Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that, the proposed cure amount(s) under the Contract(s) are listed in the schedule attached hereto as **Attachment I**.  If a written objection to the proposed cure amount(s) is not filed and served in accordance with the same procedures and deadlines for objections above, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

**PLEASE TAKE FURTHER NOTICE** that, any material amendment(s) to the Contract(s) consensually agreed to by the Debtors and the Contract counterparty are included in **Attachment I**.  If a written objection to the proposed amendments is not filed and served in accordance with the same procedures and deadlines for objections above, then the amendments shall be binding on all parties.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if an objection is properly filed and served on the Debtors and the Contract Assumption Notice Parties, as specified above, unless such parties agree otherwise in writing, a hearing will be scheduled to consider that objection.  The applicable Contract(s) will only be deemed assumed and, if applicable, assigned upon entry by the Court of a consensual form of Contract Assumption Order resolving the objection as between the objecting party and the Debtors, or upon further order of the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if no objection is filed and served in accordance with the above procedures, the Debtors will include and file with the Court the Contract(s) listed in the schedule attached hereto as **Attachment I** in an assumption schedule attached to the proposed form of order under a certificate of no objection, substantially in the form attached hereto as **Attachment II**.

[*Remainder of Page Intentionally Left Blank*]

Respectfully Submitted,
[_____], 2020

/s/
_____

**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Kristhy M. Peguero (TX Bar No. 24102776)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     (713) 752-4200
Facsimile:     (713) 752-4221
Email:          mcavenaugh@jw.com
                jwertz@jw.com
                kpeguero@jw.com
                vpolnick@jw.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
Christopher Marcus, P.C. (*pro hac vice* admission pending)
Aparna Yenamandra (*pro hac vice* admission pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                christopher.marcus@kirkland.com
                aparna.yenamandra@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

## **Attachment I**

### **Schedule of Assumed Contracts**

### **[TO BE CUSTOMIZED TO EACH INDIVIDUAL ASSUMPTION NOTICE]**

| Counterparty | Debtor Counterparty | Description of Contract[1] | Contract Assignee (if any) | Proposed Cure |
|---|---|---|---|---|
|  |  |  |  |  |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

**Attachment II**

**Proposed Assumption Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| J. C. PENNEY COMPANY, INC., *et al.*,[1] | ) | Case No. 20-20182 (DRJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re:  Docket No. __** |

**[NUMBER] ORDER APPROVING
THE ASSUMPTION, AMENDMENT, AND/OR
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

Pursuant to the order approving procedures for the assumption or assumption and assignment of the Debtors' executory contracts and granting related relief (the "Procedures Order")[2] [Docket No. ___]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having properly filed and served an Individual Contract Assumption Notice to each applicable party as set forth in the Amended Contract Assumption Schedule, attached hereto as **Exhibit A**, in accordance with the terms of the Procedures Order; and no timely objections have been filed to the Assumption of such Contracts; and due and proper notice of the

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/JCPenney.  The location of Debtor J. C. Penney Company, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Plano, Texas 75024.

[2]   Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Procedures Order.

Procedures Order and Individual Contract Assumption Notice having been provided to each applicable counterparty as set forth in the Amended Contract Assumption Schedule, and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The assumption of the Contracts as set forth in the Amended Contract Assumption Schedule is hereby approved.

2.      The Debtors are authorized to assign the Contracts as set forth in the Amended Contract Assumption Schedule to their respective Contract Assignee, where applicable, free and clear of all liens and claims and interests of any kind or nature, pursuant to sections 105(a), 363(f), and 365 of the Bankruptcy Code.

3.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and the assignment without further order from this Court.

4.      The cure amount under section 365(b) of the Bankruptcy Code in connection with the assumption of the Contracts is hereby final as set forth in the Amended Assumption Schedule and any claims for any additional amounts as a cure obligation with respect to the Contracts Leases are forever barred.

5.      Any amendments to a Contract as set forth in an Individual Contract Assumption Notice are hereby approved pursuant section 363(b) of the Bankruptcy Code.

6.      The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

7.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020

                                                   _____

                                                   JUDGE DAVID R. JONES
                                                   UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**Amended Contract Assumption Schedule**